NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROMAN ANDY JANIEC; et al., | No. 20-55234 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-02652-DSF-AFM |
| v. | |
| CITY OF GLENDORA, a municipal corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 5, 2021**
Pasadena, California

Before: KLEINFELD, CALLAHAN, and HIGGINSON,*** Circuit Judges.

Appellants filed suit in the district court against Appellee City of Glendora

asserting a cause of action under 42 U.S.C. § 1983. Appellants alleged that the City

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

violated their constitutional rights by selectively enforcing municipal code violations against them and their business in retaliation for Appellants' outspoken criticism of the City and City officials, which resulted in Appellants losing their business. The City filed a motion for summary judgment. The district court granted the motion and dismissed the case.

We review de novo a district court's grant of summary judgment. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018). We review the district court's evidentiary rulings for abuse of discretion. *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002). In analyzing a motion for summary judgment, we "must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Jones*, 887 F.3d at 447 (citation omitted). "A district court's ruling on a motion for summary judgment may only be based on admissible evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010).

1. Appellants argue that there is a genuine dispute of material fact as to whether the City faces municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). We disagree.

"While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) (citing *Monell*, 436 U.S. at 690,

2

694). Instead, "[u]nder *Monell*, municipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'" *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quoting *Delia v. City of Rialto*, 621 F.3d 1069, 1081–82 (9th Cir. 2010)). Appellants do not identify an expressly adopted official policy as a source of their alleged injuries; instead, they claim they were subjected to constitutional injury due to both a longstanding custom or practice and the actions of the City's final policymakers.

(a) Appellants argue—in a single sentence, unaccompanied by record citations or specific legal authority—that actions by the City demonstrate "a long standing custom or practice of the City to drive [Appellants] out of business." For the reasons stated by the district court, Appellants' evidence purporting to show this "practice" is unavailing. The only admissible and relevant evidence supporting Appellants' contention is that the City's Community Preservation Officer ("CPO") issued nineteen citations to Appellant Roman Andy Janiec between March 10, 2015, and January 29, 2016. This evidence tells us nothing about the City's motives—whether the City issued the citations for legitimate reasons or, as claimed by Appellants, in order to impermissibly drive Appellants out of business. In any event, this alleged singling out of Janiec is insufficient to establish "custom

or practice" *Monell* liability. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("Plaintiffs cannot satisfy the requirement of a longstanding practice or custom, because they allege to the contrary that a county official has singled them out for unique treatment.").

(b) Appellants separately argue that the City Manager "directed" the City's CPO to conduct the allegedly unconstitutional code enforcement actions. The district court, however, ruled that the evidence purporting to show the City Manager's direction of the code enforcement actions was either irrelevant or inadmissible. Because Appellants do not contend in their appeal brief that the district court committed error in its evidentiary rulings, they have waived their ability to challenge those rulings. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1137 n.13 (9th Cir. 2012) (holding that issues not raised in an opening appeal brief are waived).

In sum, Appellants failed to put forth admissible evidence that, if true, would demonstrate the City is subject to municipal liability under *Monell*. As a result, there is no genuine dispute of material fact as to the City's liability and the district court did not err in granting summary judgment in favor of the City. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

The district court's decision is AFFIRMED.

4